IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO.: 1:07cr32-SPM

CRAIG W. CARLISLE and
ERNEST LEE LINTON,

       Defendants.
_____/

### ORDER DENYING MOTION TO SEVER

Pending before the Court is Defendant Linton's Motion to Sever (doc. 45). In Count One of the indictment, Linton and co-defendant Carlisle are charged with growing marijuana in Carlisle's house.[1] Linton seeks a severance because he wishes to call Carlisle as a witness at trial to explain how long Linton had been staying at Carlisle's house.

When a defendant seeks a severance to procure a co-defendant's testimony, the defendant must make several showings. He must show a true need for the co-defendant's testimony. United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999). He must disclose the substance of the testimony, explain its exculpatory effect, and demonstrate that the codefendant will in fact testify if a

---

[1] The indictment contains a second count against Linton for possession of a firearm as a convicted felon.

severance is granted.  Id.  Linton's motion does not make the necessary showings.

To demonstrate his need for Carlisle's testimony, Linton notes that an incident report by the Alachua County Sheriff's Office attributes statements to Carlisle that Linton "had come down from North Carolina to stay with him and had been here about six months" and that "no one else lives at his house and that Linton was a guest and does not pay rent."  Linton has no true need for Carlisle's testimony to explain these statements.[2]

It is doubtful that Carlisle's statements about how long Linton had been here and Linton being a non rent-paying guest can be introduced at trial.[3]  Although Carlisle's own statements may be admissible against Carlisle under Federal Rule of Evidence 801(d)(2), the statements remain hearsay as applied to Linton.  The statements have little probative value in the Government's case

---

[2]   Linton's motion to sever is based on his desire to call Carlisle as a witness.  He has not sought a severance to avoid admission of Carlisle's statements at their joint trial based on Bruton v. United States, 391 U.S. 123, 135-36 (1968) (confrontation clause violated when confession of one defendant implicates a co-defendant, and the confessing defendant is not subject to cross-examination).  It is unclear whether Carlisle's statements present a real Bruton issue because the statements standing alone do not incriminate Linton.  See United States v. Arias, 984 F.2d 1139, 1142 (11th Cir. 1993).  To the extent the statements present a Bruton problem, the problem can be avoided by excluding any portion that directly inculpates Linton.

[3]   Carlisle's statement that "no one else lives at his house" appears to be admissible and probative of Carlisle's guilt, and carries no unfair prejudice to Linton.

CASE NO.: 1:07cr32-SPM

against Carlisle and would likely be excluded as unfairly prejudicial to Linton under Federal Rule of Evidence 403.  Given the likely exclusion, Linton has not demonstrated a bona fide need to procure Carlisle's testimony to explain the statements.

In addition, Linton has not disclosed the substance of Carlisle's testimony, explained the exculpatory effect, or given assurance that Carlisle would in fact testify if their trials were severed.  These are among the essential matters a defendant must establish to offset the "well settled principal that persons who are charged together should also be tried together . . . ." Cobb, 185 F.3d at 1197 (11th Cir. 1999).   Accordingly, it is

ORDERED AND ADJUDGED that Defendant Linton's Motion to Sever (doc. 45) is denied.

DONE AND ORDERED this 28th day of January, 2008.

_s/ Stephan P. Mickle_
Stephan P. Mickle
United States District Judge